UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALTAIR INSTRUMENTS, INC., etc., | Case No. CV13-7448 GW (SHx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| RODAN & FIELDS, LLC, etc., | |
| Defendants. | |
| AND RELATED COUNTERCLAIM | |

In light of the Stipulation of the parties filed herewith, and good cause appearing therefore, **IT IS HEREBY ORDERED** as follows:

**I.    DEFINITIONS**

A.    <u>Party</u>

Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

B.    <u>Disclosure or Discovery Material</u>

All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

C.    "Confidential" Information or Items

Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

D.    "Highly Confidential -- Attorneys' Eyes Only" Information or Items

Confidential Information or Items whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.  For purposes of this case, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will be limited to: (i) the Parties' non-public financial information, as it relates to costs, revenues and profits generally or for specific products; (ii) information of a competitively or commercially sensitive or proprietary nature or trade secrets regarding any products made by or for a Party; (iii) non-public customer or distributor information, including non-public arrangements and agreements with customers and distributors and the prices at which products are sold to customer and distributors, but not including the names of the customers or identification of the products sold to them; (iv) research and development materials concerning unreleased products or services; (v) the confidential terms of any licenses; and (vi) any other information that the Parties, through their counsel, agree in writing during the course of this litigation, would create a substantial risk of serious harm if disclosed.

E.    Receiving Party

A Party that receives Disclosure or Discovery Material from a Producing Party.

F.    Producing Party

A Party or non-party that produces Disclosure or Discovery Material in this action.

G.    Designating Party

A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential

1  — Attorneys' Eyes Only."

2      H.    <u>Protected Material</u>

3      Any Disclosure or Discovery Material that is designated as "Confidential" or

4  as "Highly Confidential – Attorneys' Eyes Only."

5      I.    <u>Outside Counsel</u>

6      Attorneys who are not employees of a Party but who are retained to represent

7  or advise a Party in this action.

8      J.    <u>House Counsel</u>

9      Attorneys who are employees of a Party.

10      K.    Designated House Counsel

11  House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS'

12  EYES ONLY" information in this matter.

13      L.    <u>Counsel (without qualifier)</u>

14      Outside Counsel and House Counsel (as well as their support staffs).

15      M.    <u>Expert</u>

16      A person with specialized knowledge or experience in a matter pertinent to

17  the litigation who has been retained by a Party or its counsel to serve as an expert

18  witness or as a consultant in this action. "Expert" also shall mean an employee of a

19  party who is retained as an expert in this action. This definition includes a

20  professional jury or trial consultant retained in connection with this litigation.

21      N.    <u>Professional Vendors</u>

22      Persons or entities who provide litigation support services (e.g.,

23  photocopying; videotaping; translating; preparing exhibits or demonstrations;

24  organizing, storing, retrieving data in any form or medium; etc.) and their

25  employees and subcontractors.

26  **II.    SCOPE**

27      The protections conferred by this Order cover not only Protected Material (as

28  defined above), but also any information copied or extracted therefrom, as well as

1  all copies, excerpts, summaries, or compilations thereof, plus testimony,

2  conversations, or presentations by parties or counsel to or in other settings that

3  might reveal Protected Material.  This Order does not apply to court hearings or

4  proceedings.  The use of Confidential and Highly Confidential – Attorneys Eyes

5  Only information or items in court hearings or proceedings will be addressed with

6  the judicial officer conducting the proceeding at the appropriate time.

7  **III.    DURATION**

8        Even after the termination of this litigation, the confidentiality obligations

9  imposed by this Order shall remain in effect until a Designating Party agrees

10  otherwise in writing or a Court Order otherwise directs.

11  **IV.    DESIGNATING PROTECTED MATERIAL**

12        A.    <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

13        Each Party or non-party that designates information or items for protection

14  under this Order must take care to limit any such designation to specific material

15  that qualifies under the appropriate standards. A Designating Party must take care to

16  designate for protection only those parts of material, documents, items, or oral or

17  written communications that qualify — so that other portions of the material,

18  documents, items, or communications for which protection is not warranted are not

19  swept unjustifiably within the ambit of this Order.

20        Mass, indiscriminate, or routinized designations are prohibited. Designations

21  that are shown to be clearly unjustified, or that have been made for an improper

22  purpose (e.g., to unnecessarily encumber or retard the case development process, or

23  to impose unnecessary expenses and burdens on other parties), may expose the

24  Designating Party to sanctions.

25        If it comes to a Party's or a non-party's attention that information or items

26  that it designated for protection do not qualify for protection at all, or do not qualify

27  for the level of protection initially asserted, that Party or non-party must promptly

28  notify all other parties that it is withdrawing the prior designation.

B.      <u>Manner and Timing of Designations.</u>

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(i)      <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either

1    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES

2    ONLY").

3        (ii)    For testimony given in deposition, that the Party or non-party offering

4    or sponsoring the testimony identify on the record, before the close of the

5    deposition, all protected testimony, and further specify any portions of the testimony

6    that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

7    When it is impractical to identify separately each portion of testimony that is

8    entitled to protection, and when it appears that substantial portions of the testimony

9    may qualify for protection, the Party or non-party that sponsors, offers, or gives the

10   testimony may invoke on the record (before the deposition is concluded) a right to

11   have up to 15 days after receipt of the transcript to identify the specific portions of

12   the testimony as to which protection is sought and to specify the level of protection

13   being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

14   ATTORNEYS' EYES ONLY").  Once this right to designate portions of the

15   transcript as Protected Material has been invoked, the entire transcript, and all

16   testimony given in the deposition, shall be treated as "HIGHLY CONFIDENTIAL –

17   ATTORNEYS' EYES ONLY" until the 15 day period has lapsed; thereafter, only

18   those portions of the testimony that are appropriately designated for protection

19   within the 15 days shall be covered by the provisions of this Stipulated Protective

20   Order, unless a Designating party specifies that the entire transcript shall be treated

21   as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

22   ONLY.

23       Transcript pages containing Protected Material must be separately bound by

24   the court reporter, who must affix to the top of each such page the legend

25   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

26   ONLY," as instructed by the Party or non-party offering or sponsoring the witness

27   or presenting the testimony.

28       (iii)    For information produced in some form other than documentary, and

1 for any other tangible items, that the Producing Party affix in a prominent place on

2 the exterior of the container or containers in which the information or item is stored

3 the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'

4 EYES ONLY." If only portions of the information or item warrant protection, the

5 Producing Party, to the extent practicable, shall identify the protected portions,

6 specifying whether they qualify as "Confidential" or as "Highly Confidential —

7 Attorneys' Eyes Only."

8       C.    <u>Inadvertent Failures to Designate.</u>

9       An inadvertent failure to designate qualified information or items as

10 "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing

11 alone, waive the Designating Party's right to secure protection under this Order for

12 such material. If material is appropriately designated as "Confidential" or "Highly

13 Confidential —Attorneys' Eyes Only" after the material was initially produced, the

14 Receiving Party, on timely notification of the designation, must make reasonable

15 efforts to assure that the material is treated in accordance with the provisions of this

16 Order.

17 **V.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

18       A.    <u>Timing of Challenges.</u>

19       Any Party or Non-Party may challenge a designation of confidentiality at any

20 time. Unless a prompt challenge to a Designating Party's confidentiality

21 designation is necessary to avoid foreseeable substantial unfairness, unnecessary

22 economic burdens, or a later significant disruption or delay of the litigation, a Party

23 does not waive its right to challenge a confidentiality designation by electing not to

24 mount a challenge promptly after the original designation is disclosed.

25       B.    <u>Meet and Confer.</u>

26       A Party that elects to initiate a challenge to a Designating Party's

27 confidentiality designation must do so in good faith and must begin the process by

28 conferring directly (in voice to voice dialogue) with counsel for the Designating

Party.  Once the counsel for the challenging party makes counsel for the Designating Party aware of his desire to meet and confer, the counsel for the parties must begin the process by conferring within 10 days.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

C.    Judicial Intervention.

A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion shall set forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue required under Paragraph VI(B), *supra*., or explain that no justification was given, if that is the case.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

Any motion brought pursuant to this Section shall be governed by Local Rules 37-1 and 37-1 (including the Joint Stipulation Requirement).

**VI.    ACCESS TO AND USE OF PROTECTED MATERIAL**

A.    Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting,

1  defending, or attempting to settle this litigation. Such Protected Material may be
2  disclosed only to the categories of persons and under the conditions described in this
3  Order. When the litigation has been terminated, a Receiving Party must comply with
4  the provisions of section XI below.

5      Protected Material must be stored and maintained by a Receiving Party at a
6  location and in a secure manner that ensures that access is limited to the persons
7  authorized under this Order.

8      B.   Disclosure of "CONFIDENTIAL" Information or Items.

9      Unless otherwise ordered by the Court or permitted in writing by the
10  Designating Party, a Receiving Party may disclose any information or item
11  designated CONFIDENTIAL only to:

12      (i)   the Receiving Party's Outside Counsel of record in this action, as well
13  as employees of said Counsel to whom it is reasonably necessary to disclose the
14  information for this litigation;

15      (ii)   the officers, directors, and employees (including House Counsel) of the
16  Receiving Party to whom disclosure is reasonably necessary for this litigation;

17      (iii)   experts (as defined in this Order) of the Receiving Party to whom
18  disclosure is reasonably necessary for this litigation and who have signed the
19  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20      (iv)   the Court and its personnel;

21      (v)   court reporters, their staffs, and professional vendors to whom
22  disclosure is reasonably necessary for this litigation;

23      (vi)   during their depositions, witnesses in the action to whom disclosure is
24  reasonably necessary for this litigation and who have signed the "Acknowledgment
25  and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the
26  Designating Party or ordered by the court.  Pages of transcribed deposition
27  testimony or exhibits to depositions that reveal Protected Material must be
28  separately bound by the court reporter and may not be disclosed to anyone except as

1    permitted under this Stipulated Protective Order;

2          (vii)   the author of the document or the original source of the information.

3          C.     <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES</u>

4                 <u>ONLY" Information or Items.</u>

5          Unless otherwise ordered by the Court or permitted in writing by the

6    Designating Party, a Receiving Party may disclose any information or item

7    designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

8          (i)     the Receiving Party's Outside Counsel of record in this action, as well

9    as employees of said Outside Counsel to whom it is reasonably necessary to disclose

10   the information for this litigation;

11         (ii)    Designated House Counsel of the Receiving Party (1) to whom

12   disclosure is reasonably necessary for this litigation, and (2) who has signed the

13   "Acknowledgement and Agreement to Be Bound" (Exhibit A);

14         (ii)    Experts (as defined in this Order) (1) to whom disclosure is reasonably

15   necessary for this litigation, and (2) who have signed the "Agreement to Be Bound

16   by Protective Order" (Exhibit A);

17         (iii)   the Court and its personnel;

18         (iv)    court reporters, their staffs, and professional vendors to whom

19   disclosure is reasonably necessary for this litigation and who have signed the

20   "Agreement to Be Bound by Protective Order" (Exhibit A); and

21         (v)     the author of the document or the original source of the information.

22   **VII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED**

23   **PRODUCED  IN OTHER LITIGATION.**

24         If a Receiving Party is served with a subpoena or an order issued in other

25   litigation that would compel disclosure of any information or items designated in

26   this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

27   ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating

28   Party, in writing (by email or fax, if possible) immediately and in no event more

1  than three court days after receiving the subpoena or order. Such notification must

2  include a copy of the subpoena or court order.

3      The Receiving Party also must immediately inform in writing the Party who

4  caused the subpoena or order to issue in the other litigation that some or all the

5  material covered by the subpoena or order is the subject of this Protective Order. In

6  addition, the Receiving Party must deliver a copy of this Stipulated Protective Order

7  promptly to the Party in the other action that caused the subpoena or order to issue.

8      The purpose of imposing these duties is to alert the interested parties to the

9  existence of this Protective Order and to afford the Designating Party in this case an

10  opportunity to try to protect its confidentiality interests in the Court from which the

11  subpoena or order issued. The Designating Party shall bear the burdens and the

12  expenses of seeking protection in that Court of its confidential material — and

13  nothing in these provisions should be construed as authorizing or encouraging a

14  Receiving Party in this action to disobey a lawful subpoena issued in another action.

15  **VIII.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

16      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

17  Protected Material to any person or in any circumstance not authorized under this

18  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

19  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

20  to retrieve all copies of the Protected Material, (c) inform the person or persons to

21  whom unauthorized disclosures were made of all the terms of this Order, and (d)

22  request such person or persons to execute the "Acknowledgment and Agreement to

23  Be Bound" that is attached hereto as Exhibit A.

24  **IX.    FILING OF PROTECTED MATERIAL.**

25      In Accordance with Local Rule 79-5.1, if any papers to be filed with the

26  Court contain information and/or documents that have been designated as

27  "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the proposed filing

28  shall be accompanied by an application to file the papers or the portion thereof

containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

**X.     FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action including appeals, each Receiving Party must: (a) return all Protected Material to the Producing Party; or (b) destroy the Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV (DURATION) above.

**XI.    MISCELLANEOUS**

A.     <u>Right to Further Relief.</u>

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.     <u>Right to Assert Other Objections.</u>

By stipulating to the entry of this Protective Order no Party waives any right

Rutan & Tucker LLP
attorneys at law

1   it otherwise would have to object to disclosing or producing any information or item

2   on any ground not addressed in this Stipulated Protective Order. Similarly, no Party

3   waives any right to object on any ground to use in evidence of any of the material

4   covered by this Protective Order.

5          **IT IS SO ORDERED.**

6

7   Dated: March 17, 2014          _____

8                                  Judge of the United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>EXHIBIT A</u>

I, _____, declare as follows:

     1.    My present address is: _____.

     2.    My present occupation or job description is: _____.

     3.    My present employer is: _____.

     4.    I have received a copy of the Stipulated Protective Order ("Order") entered in *Altair Instruments, Inc. v. Rodan & Fields LLC, et. al.*, Case No. CV13-7448 GW (SHx) pending in the United States District Court for the Central District of California.  I have carefully read and understand the provisions of the Order.

     5.    I will comply with all of the provisions of the Order.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for the purposes of this action, any Protected Material that I receive in this action.

     6.    I submit to the jurisdiction of this Court for the purposes of enforcement of this Order.

Executed this _____ day of _____ 20__, in the County of _____, State of _____.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____

SIGNATURE OF DECLARANT